**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 10-0226-WS** |
| | ) | |
| **LUIS CORONEL VEGA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's motion to dismiss due to improper venue or, in the alternative, to change venue to the Central District of California. (Doc. 22). The parties have filed briefs in support of their respective positions. (Docs. 22, 25, 27). After carefully considering the foregoing, the Court concludes that the defendant's alternative motion is due to be denied and that his primary motion requires additional briefing.

## BACKGROUND

Count Three charges the defendant with knowingly conducting and attempting to conduct, on or about October 21, 2009, a wire transfer of $275,000 which involved the proceeds of a specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. Count One charges the defendant with conspiracy to violate Section 1956(a)(1)(B)(i). (Doc. 8).

The government has made a factual proffer, (Doc. 25 at 1-6), with which the defendant does not quarrel. The defendant thus concedes for present purposes that, in September 2009, a confidential informant notified ICE in Mobile that two Colombian money brokers (not the defendant) had contacted him about laundering some $7 million (later reduced to $700,000) in cash then held in the Los Angeles area. The informant agreed to have the cash picked up, deposited in bank accounts, and wired to the places

directed by the brokers. The Mobile ICE agents involved Los Angeles ICE agents to serve as undercover recipients of the cash. The Mobile agents also established (or had already established) a bank account in Mobile, to which the Los Angeles agents would wire the cash they picked up.

Between September 28 and October 6, 2009, one of the brokers called the informant three times to arrange a drop. On October 9, a Los Angeles agent received approximately $300,000 from a courier. The cash was deposited in a California bank account maintained by the Los Angeles ICE office and, from there, wired to the Mobile account on October 13. There is no evidence that the defendant was in any way involved in this activity. Between October 13 and October 20, the two brokers and several others (not including the defendant) contacted the informant approximately twelve times, by telephone and telefax, with instructions on how to distribute these funds.

On October 19, the informant called the defendant, who served as courier on the second drop, and advised him to take a cab from his home to meet the undercover agent for the drop. The defendant called the informant back and stated that he did not want to take a cab, and the informant agreed to have the agent leave a vehicle in a designated location for the defendant to use. On October 20, the defendant delivered $275,000 in cash to the agent in Los Angeles. On October 21, Los Angeles ICE wired the money to the Mobile ICE office. On October 22, one of the brokers contacted the informant to advise he would be sending wiring instructions. This was followed by several telefaxed instructions to the agents.

The defendant argues that venue for Count One is bad because no overt act occurred in this District. He argues against venue under Count Three because the wire transfer to this District was made by ICE agents, not by him. (Doc. 27 at 2-3). The defendant invokes both Rule 18 and Rule 21(b). (Doc. 22 at 2).

# DISCUSSION

"Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. However, "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

In particular, "in an action involving a conspiracy, as with all continuing offenses under 18 U.S.C. § 3237(a), the offense has been committed in any district where any overt act was performed in furtherance of the conspiracy." *United States v. Bradley*, 2011 WL 2565480 at *19 (11th Cir. 2011) (footnote omitted). Telephone calls constitute overt acts. *United States v. Strickland*, 493 F.2d 182, 187 (5th Cir. 1974). The overt act of a telephone call is performed both where the call is made and where it is received. *Id*. ("The telephone calls and conversations to and from Atlanta were overt acts."); *accord United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982) (discussing telephone calls as overt acts) ("[W]here a criminal conspirator commits an act in one district which is intended to further a conspiracy by virtue of its effect in another district, the act has been committed in both districts and venue is properly laid in either.").

The defendant objects that he made only one call to this District, that it was to the informant rather than to a true co-conspirator, and that it was prompted by a call placed by the informant. (Doc. 27 at 2, 5-7). The very case on which the defendant relies confirms that a call to an informant in the district of prosecution suffices to establish venue. *United States v. Barnes*, 681 F.2d 717, 724 (11th Cir. 1982). That case does not, as the defendant suggests, preclude venue based on the defendant's freely placed call to the district simply because the call concerns a topic discussed in a previous call placed by the informant.

At any rate, the defendant incorrectly assumes that the only overt act occurring in the District was his telephone call to the informant. However, "[a]n individual

conspirator need not participate in the overt act in furtherance of the conspiracy [that establishes venue]. Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient." *United States v. Schlei*, 122 F.3d 944, 975 (11th Cir. 1997). The defendant does not contest the government's proffer, which reflects a conspiracy involving several individuals, who cumulatively made over a dozen telephone calls and telefaxes to the informant and the agents in the District. Venue as to the conspiracy count unquestionably lies in the Southern District of Alabama.[1]

"Venue may properly be laid in one district with respect to one count of an indictment, but still be improper with respect to the other counts." *United States v. Davis*, 666 F.2d 195, 198 (former 5th Cir. 1982). Remarkably, the government has failed to address the defendant's contention that venue is improper as to Count Three. Nor has the government responded to the defendant's position that, if venue is improper as to Count Three, both it and Count One must be dismissed.[2] The burden is on the government to establish venue,[3] and the Court will not develop arguments on its behalf.

The government is **ordered** to file and serve, on or before **August 3, 2011**, a supplemental brief addressing these issues. In addition to other matters it may wish to

---

[1] The informant's location when he received these calls is not stated expressly, but the defendant acknowledges the informant was in the District when the defendant called him, (Doc. 27 at 4), and there is no basis for believing that the informant was elsewhere when the co-conspirators called and telefaxed him. Nor is there reason to believe the agents were not in the District when the co-conspirators telefaxed them with wiring instructions.

The government argues that the conduct of the agents in wiring funds from the District establishes venue over the conspiracy count. (Doc. 25 at 7). The government's own authorities, however, require that the overt acts be performed by co-conspirators, not by government agents.

[2] The government merely asserts generally, in a footnote and without citation to authority, that the Court cannot dismiss for want of venue but can only transfer. (Doc. 25 at 7 n.1).

[3] *E.g., Barnes*, 681 F.2d at 722.

address, the government shall acknowledge the principle that the place where a crime has been committed, for purposes of determining venue, "must be determined from the nature of the crime alleged and the location of the act or acts constituting it"[4] and shall explain how the defendant's delivery of cash to an undercover agent in Los Angeles demonstrates venue in this District under this test for a violation of Section 1956(a)(1).[5]  If the government believes that either paragraph of Section 3237(a) allows it to establish venue independently of this test by secretly transferring funds to this District after the defendant's involvement with the funds apparently ended, it shall provide cogent argument and legal authority supporting its position.  The government shall likewise utilize cogent argument and legal authority to support its position as to whether dismissal or transfer, in whole or in part, would be required or appropriate should venue be improper as to Count Three.

The defendant is **ordered** to file and serve, on or before **August 10, 2011**, a supplemental reply brief addressing these issues.  In addition to others matters he may wish to address, the defendant shall provide clear argument and legal authority for the proposition that improper venue as to Count Three requires dismissal of both Count Three and Count One.[6]

"Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice."  Fed. R. Crim. P. 21(b).  Such decisions are

---

[4] *United States v. Kapordelis*, 569 F.3d 1291, 1307 (11th Cir. 2009) (internal quotes omitted).

[5] Such an effort will presumably require the government to grapple with the definitions provided in Section 1956(c).

[6] The single case cited by the defendant states only that, "when a defendant is charged with multiple crimes, venue must be proper on each count."  *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005).  It does not address the proper remedy when, before trial, venue is discovered to be proper as to some counts and improper as to others.

committed to the discretion of the trial court,[7] and the burden is on the moving defendant. *E.g., In re:  United States*, 273 F.3d 380, 389 (3rd Cir. 2001); *United States v. Ghilarducci*, 220 Fed. Appx. 496, 504 (9th Cir. 2007).

The defendant's entire treatment of his alternative motion is the statement that "[d]iscovery also reveals that the witnesses favorable to the defendant reside in the Central District of California."  (Doc. 22 at 2).  This conclusory assertion furnishes no basis for concluding that the defendant has any relevant witnesses in California.  *See United States v. Testa*, 548 F.2d 847, 857 (9th Cir. 1977) (defendant did not carry his Rule 21(b) burden when he did not "indicate specifically who [his proposed] witnesses were to be or the nature of their expected testimony, other than to state that they were character witnesses").  Nor does the defendant identify or address other relevant considerations under Rule 21(b).

For the reasons set forth above, the defendant's alternative motion under Rule 21(b) is **denied**.  The defendant's motion under Rule 18 will be taken under submission on August 10, 2011.


DONE and ORDERED this 27th day of July, 2011.


                           s/ WILLIAM H. STEELE
                           CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Kopituk*, 690 F.2d 1289, 1322 (11th Cir. 1982); *United States v. Celaya-Garcia*, 583 F.2d 210, 211 (5th Cir. 1978).